UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:19-cr-30006-SEM-TSH |
| | ) |
| RINALDO ROBINSON, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO RECONSIDER DETENTION ORDER

Defendant Rinaldo Robinson, by and through his attorney Joe Hartzler of the Federal Public Defender's Office for the Central District of Illinois, moves this Court to reconsider its detention order and allow Mr. Robinson to be released pursuant to 18 U.S.C. Section 3142(b) on conditions that include home confinement and location monitoring. In support of this motion, Mr. Robinson states:

**Overview.**

Before his arrest in this case, Mr. Robinson had never been in federal custody. Unfamiliar with the process or consequences, he declined to be interviewed for the pre-trial bond report without an attorney present. Mr. Robinson is now willing and eager to be interviewed by a pretrial services officer. Such an interview should

reveal to the officer and this Court the facts and circumstances that support Mr. Robinson's release. Specifically:

- As a long-time resident of Quincy, Illinois, with substantial ties to the community, Mr. Robinson poses no significant risk of flight; and

- Home confinement, location monitoring, and regular reporting should: (a) prevent Mr. Robinson from posing a risk of danger to others; (b) ensure Mr. Robinson's compliance with all other conditions of release; and (c) enable Mr. Robinson, who is unemployed due to a work-related disability, to care for his two teenaged children.

These facts and others – including the absence of a statutorily required minimum sentence if convicted – warrant reconsideration of this Court's detention order, and they justify releasing Mr. Robinson on conditions that include home confinement, location monitoring, and regular reporting to pretrial services.

**Background.**

Mr. Robinson, now 48, is a long-time resident of Quincy, Illinois. He moved there in 1980 with his mother, brother, and sister. All of them except the sister still live in Quincy within several

blocks of each other. Before his arrest in this case, Mr. Robinson lived on Chestnut Street in Quincy with his 18-year-old son and 16-year-old daughter. His wife, from whom he is separated, lived in a different home in Quincy. The children lived with him.

When Mr. Robinson was in his early 20's before his children were born, he was twice convicted of felony drug offenses. In one of those cases, he successfully completed the state's impact incarceration – "boot camp" – program, followed by two years of parole. During his first year of parole, Mr. Robinson was required to wear an ankle bracelet for electronic monitoring. He is familiar with such monitoring, complied with its terms for a year, and welcomes such monitoring as a condition of release in this case.

During the 20 years that followed his early convictions, Mr. Robinson raised his children and stayed out of serious trouble. He committed several minor offenses – such as fighting, shoplifting, passing a bad check, and operating an uninsured vehicle – but he received no sentences of prison, jail, or even probation. He was either ordered to pay fines or sentenced to supervision or conditional discharge, which he completed successfully (except possibly once 15 years ago).

In 2016, at age 46, Mr. Robinson was charged in Adams County Circuit Court with delivering more than 15 grams of methamphetamine. He was released on bond and remained on bond without incident. He pleaded guilty to the charge in 2018 and remained on bond without incident pending sentencing. When local law enforcement authorities stopped his car in Quincy on November 20, 2018, and allegedly found a gun, they presumably knew, or could have learned, he was on bond awaiting sentencing. They did not seek to revoke his bond.

Had Mr. Robinson been summoned in this case, he would have appeared. Until this week, he has never failed to appear in court when so ordered. On February 20, 2019, Mr. Robinson could not appear for sentencing in Adams County because he was detained in this case. His attorney appeared for him, and the hearing was continued until April.

**Current Status & Appearance Waiver.**

Mr. Robinson is now being held at the Macon County Jail. The jail provides no programs or activities suitable for Mr. Robinson. He and all inmates in his pod are required to leave their cells in the morning and remain in the "day room" throughout the day. They

4

may watch TV, play cards, walk around, talk, and sleep on the concrete floor.

All his calls, including calls to his counsel, are recorded. The jail will no longer escort inmates to the law library and allow them to accept unrecorded calls from their counsel. The only way for Mr. Robinson and his counsel to communicate privately is for his counsel to be driven from Springfield to the jail in Decatur.

The detention order has prevented Mr. Robinson from caring for his children, appearing in state court, and communicating regularly with his counsel. Ordering the release of Mr. Robinson on reasonable conditions will avoid these problems. It will also produce a net cost savings for the government.

Mr. Robinson waives his right to appear in person at a hearing on his motion to reconsider.

The government through its counsel Victor Yanz advised that it opposes this motion.

WHEREFORE, Defendant respectfully requests the entry of an Order releasing him on bond with the conditions requiring (among other things) home confinement, location monitoring, and regular reporting to pretrial services.

Respectfully submitted,

RINALDO ROBINSON, Defendant,

By: <u>  s/ Joe Hartzler</u>
Joe Hartzler
Assistant Federal Public Defender
Office of the Federal Public Defender
600 East Adams, 3rd Floor
Springfield, Illinois 62701
Telephone: (217) 492-5070
Fax: (217) 492-5077
E-mail: joe_hartzler@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Victor Yanz
Assistant United States Attorney
Office of the U.S. Attorney
318 South Sixth Street
Springfield, IL 62701-1806

                Joe Hartzler
                Assistant Federal Public Defender
                Office of the Federal Public Defender
                600 East Adams, 3rd Floor
                Springfield, Illinois 62701
                Telephone: (217) 492-5070
                Fax: (217) 492-5077
                E-mail: joe_hartzler@fd.org