UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> RINALDO ROBINSON, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )  Case No. 19-cr-30006 </br> ) </br> ) </br> ) |

## AMENDED ORDER OF DETENTION

On February 15, 2019, following a detention hearing held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), this Court entered an order that the defendant be detained pending resolution of the case. (R.6) Specifically, the Court found that the government had established by clear and convincing evidence that the defendant would pose a danger to the community if he was released on bond.

On February 22, 2019, the defendant filed a motion to reconsider the detention order. (R.7) Because that pleading, as well as the government's response to it (R.9) included facts not presented at the initial detention hearing, this Court held a hearing on the motion on March 7, 2019. At such hearing, parties proffered additional evidence and made argument.

1

The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report (R.5), as well as the Pretrial Services Report Addendum (R.12).

After weighing those factors and the available evidence, the Court again concludes that the government has established by clear and convincing evidence that the defendant would pose a danger to the community if he was released on bond. As such, the defendant's motion to reconsider is denied, and detention is to continue.

### **Findings of Fact and Reasons Detention Required**

Based upon the credible evidence and information received during the motion hearing, the Court finds that the factors set forth in 18 U.S.C. § 3142(g) all favor detention of the defendant. Specifically:

1. The offense includes a firearm and the defendant was in possession of a small amount of marijuana. Further, police found other drug paraphernalia on one of the other vehicle passengers, as well as a small amount of methamphetamine in the vehicle. The nature and circumstances of the offense support detention.

2. At the time of the offense, the defendant was on bond on two state felony cases, including one in which he has already pleaded guilty to a drug offense. The defendant has been unemployed for nine years. The history and characteristics of the defendant support detention.

3. The defendant admitted the firearm belonged to him and the government has evidence to corroborate his statement. The evidence of the case against the defendant appears to be strong.

4. The potential risk to the community if the defendant was released lies not only in the fact that the defendant possessed a firearm, but also that, at the time of his arrest, he used marijuana daily and had used methamphetamine the day prior to the incident on which this charge is based. Additionally, during the defendant's drug use, he was primary caregiver for two teenagers who resided with him. There is inherent risk in the purchasing or otherwise acquiring of controlled substances, and such risk extends to members of the community.

This order also incorporates and adopts the findings of the initial detention order filed on February 15, 2019 (R.6). The Court notes that, at the initial hearing and based on the government's limited proffer of evidence, it made an inference as part of its oral findings that the defendant

3

had possessed methamphetamine. Pursuant to the government's more detailed proffer at the motion hearing on February 14, 2019, the Court finds that, while law enforcement officers found methamphetamine during the stop of the defendant's vehicle, the defendant was not in possession of the methamphetamine.

The defendant's motion therefore is DENIED. It is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER:    March 11, 2019

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE